## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

BENNIE IRVIN,

       Petitioner,                         Civil No. 04-CV-71572-DT

v.

RAYMOND BOOKER,

       Respondent,

_____/

### OPINION AND ORDER DENYING THE MOTION FOR A CERTIFICATE OF APPEALABILITY AND GRANTING THE MOTION TO PROCEED WITHOUT PREPAYMENT OF FILING FEES

On June 30, 2005, the court issued an opinion and order denying Petitioner's

application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  Petitioner

has now filed a motion for a certificate of appealability and a motion to proceed without

payment of filing fees, in which Petitioner essentially seeks leave to appeal *in forma*

*pauperis.*  For the reasons stated below, the motion for a certificate of appealability will

be denied.  The court will, however, grant Petitioner leave to appeal *in forma pauperis.*

### I.  THE CERTIFICATE OF APPEALABILITY

#### A.  Standard of Review

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the

district court's denial of a writ of habeas corpus may not be taken unless a certificate of

appealability ("COA") is issued either by a circuit court or district court judge.  If an

appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall

1

either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). A district court is to set forth in its order all of the issues that the petitioner raised in the habeas action and identify those issues, if any, that the district court is certifying for appeal. *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

In order to obtain a certificate of appealability, a habeas petitioner need not show that his or her appeal will succeed. *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). The Supreme Court's holding in *Slack v. McDaniel* "would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief." *Id.* A habeas petitioner is not required to prove, before obtaining a COA, that some jurists would grant the petition for habeas corpus. *Id.* at 338. However, "the issuance of a COA must not be *pro forma* or a matter of course" and a habeas petitioner who seeks the issuance of a COA must

2

show more than the absence of frivolity or the presence of good faith on his or her part

in order to obtain a COA. *Id.* at 337-38.  Therefore, the mere fact that Petitioner claims

that his appeal is not frivolous and is being undertaken in good faith would not entitle

him to a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. at 338; *United States*

*v. Mikels,* 236 F.3d 550, 551 (9th Cir. 2001); *Lohr v. United States,* 336 F. Supp. 2d

930, 932 (D. Minn. 2004).

### B.   The Individual Claims.

### 1.   Claims # 1 and # 7

The court initially notes that Petitioner raised seven different claims for relief in

his petition for writ of habeas corpus.  In his motion for a certificate of appealability,

however, Petitioner has only requested a certificate of appealability on his second, third,

fourth, fifth, and sixth claims.  Petitioner has not requested a certificate of appealability

on his first claim, which alleged that the jurors in his case had been exposed to

extraneous information in the form of disruptions or comments from members of the

courtroom audience, or on his seventh claim, which alleged the ineffective assistance of

appellate counsel.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), certificates of

appealability are granted on an issue by issue basis, thereby limiting appellate review to

those issues alone. *See Hughes v. Johnson*, 991 F. Supp. 621, 639 (S.D. Tex. 1998).

Because Petitioner does not seek the issuance of a certificate of appealability for the

first and seventh claims that were raised in his petition, Petitioner has waived his right to

obtain a certificate of appealability on these claims. *See Elzy v. United States*, 205 F.3d

882, 886 (6th Cir. 2000) (defendant waived issue on appeal from the denial of his

3

motion to vacate sentence by failing to mention it in his motion for a certificate of appealability).  The court declines to issue a certificate of appealability on Petitioner's first and seventh claims.

### 2.  Claim # 2

In his second claim, Petitioner alleged that he was deprived of a fair trial by prosecutorial misconduct.

The court rejected Petitioner's prosecutorial misconduct claim, finding that Petitioner had failed to show that the prosecutor's conduct and remarks denied him a fundamentally fair trial.  A certificate of appealability is not warranted where a petitioner fails to show that a prosecutor's statements rose to the level of a substantial showing of the denial of a constitutional right.  *See Corwin v. Johnson*, 150 F.3d 467, 477 (5th Cir. 1998).  In particular, for reasons stated in greater detail in the opinion and order denying the petition for writ of habeas corpus, the court found that the prosecutor's questions and comments did not impinge on Petitioner's right to remain silent.  Petitioner is not entitled to a certificate of appealability with respect to his claim that the prosecutor improperly commented on Petitioner's right to remain silent, because reasonable jurists could not debate whether this issue should have been resolved in a different manner. *See Barrientes v. Johnson,* 221 F.3d 741, 781 (5th Cir. 2000). Accordingly, the court declines to issue a certificate of appealability on Petitioner's prosecutorial misconduct claim.

### 3.  Claim # 3

In his third claim, Petitioner alleged that he was denied the effective assistance of trial counsel.

4

A habeas petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability.  *See Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000). For the reasons stated by the court in much greater detail in the order denying the petition for writ of habeas corpus, Petitioner has failed to make a substantial showing that he was denied the effective assistance of counsel.  A certificate of appealability shall not issue on his ineffective assistance of counsel claims because reasonable jurists would not disagree with the court's conclusion on this claim.

## 4.  Claim # 4

In his fourth claim, Petitioner alleged that he was deprived of a fair trial because of cumulative error.  The Sixth Circuit has noted that the United States Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle,* 291 F.3d 416, 447 (6th Cir. 2002).  Therefore, Petitioner was not entitled to habeas relief on his cumulative errors claim. *Id.*  The court will deny Petitioner a certificate of appealability on his cumulative errors claim, because he has failed to make a substantial showing of the denial of a constitutional right with respect to that claim. *See Kincade v. Sparkman,* 117 F.3d 949, 953 (6th Cir. 1997).

## 5.  Claim # 5.

In his fifth claim, Petitioner raised a number of challenges to his sentence, which the court rejected.  Because Petitioner's sentence for second-degree murder was within the bounds set by the statute, the court declined to overturn the sentence on habeas review. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009-10 (E.D. Mich. 1999).  Furthermore, based on the facts in this case, Petitioner failed to show that the sentence imposed was

5

arbitrary or grossly disproportionate.  Because reasonable jurists would not disagree that Petitioner has presented no reasonable argument that his sentence of eighteen to thirty years in prison for second-degree murder was disproportionate to the crime, the Court declines to grant a certificate of appealability on this issue. *See Thomas v. Senkowski*, 968 F. Supp. 953, 957 (S.D.N.Y. 1997).  Because Petitioner's sentence does not constitute cruel and unusual punishment, a certificate of appealability should not be granted. *See United States ex. rel. Williams v. State of Delaware*, 341 F. Supp. 190, 192 (D. Del. 1972).

### 6.  Claim # 6.

In his sixth claim, Petitioner contended that the trial court erred in failing to instruct the jury that Tykishe Chipp's prior inconsistent statements to the police and her preliminary examination testimony could not be used as substantive evidence.

The court rejected Petitioner's claim, because the jury was instructed that Chipp's statements to the police could not be used as substantive evidence.  Chipp's preliminary examination testimony was given under oath and pursuant to Michigan law, could be considered by the jurors as substantive evidence.  Because Chipp's preliminary examination testimony could be used as substantive evidence, the trial court did not commit error in refusing to instruct the jury that such evidence could only be used for impeachment purposes. *See United States v. Ricketts,* 317 F.3d 540, 544 (6th Cir. 2003).  Petitioner is therefore not entitled to a certificate of appealability on this claim, because jurists of reason would not find the court's resolution of this claim to be debatable.

### II.  THE APPLICATION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

6

Petitioner has also filed a "Motion to Proceed Without Payment of Filing Fees" Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Although the court finds that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith. The court, therefore, shall grant Petitioner's application to proceed without prepayment of the filing fee.

### III.  CONCLUSION

IT IS ORDERED that the "Motion For Certificate of Appealability" [Dkt. # 24] is DENIED.


IT IS FURTHER ORDERED that the "Motion to Proceed Without Payment of Filing Fees" [Dkt. # 22] is GRANTED.

       S/Robert H. Cleland              
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  August 5, 2005

7

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 5, 2005, by electronic and/or ordinary mail.

   S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522